**MAYER BROWN LLP**
Sophia M. Mancall-Bitel (SBN 337002)
*smancall-bitel@mayerbrown.com*
Sarah A. Hsu (SBN 348402)
*shsu@mayerbrown.com*
Charles L.J. Turner (SBN 349195)
*clturner@mayerbrown.com*
333 South Grand Avenue, Suite 4700
Los Angeles, CA 90071
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

**ACLU FOUNDATION OF SOUTHERN CALIFORNIA**
Eva L. Bitran (SBN 302081)
*ebitran@aclusocal.org*
1313 W. 8th Street
Los Angeles, CA 90017
Telephone: (909) 380-7505

*Attorneys for Plaintiff*

*(additional counsel information on signature page)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF SOUTHERN CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendant. | Case No.: 2:24-cv-9930<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. This action under the Freedom of Information Act ("FOIA") seeks the timely release of agency records by U.S. Immigration and Customs Enforcement ("ICE" or "Defendant"). Specifically, this action seeks disclosure of records related to the ICE Air Operations ("ICE Air") program from the period of January 1, 2023 through the present, including, but not limited to, contracts for operating removal flights and ground transportation to removal flights, and internal policies and procedures for staging, staffing, and handling flights, including those with unaccompanied children.

2. The records sought address a matter of great public concern. ICE maintains ICE Air to remove noncitizens from the United States by air. Over the past few decades, the institutional infrastructure behind these flights has shifted from a government-run operation by the U.S. Marshals Service on government planes, to a sprawling and opaque network of flights on privately-owned aircraft chartered by ICE Air. Despite the critical role these flights play in the removal system—in many instances, serving as the mechanism for deportation—ICE Air remains shrouded in secrecy.[1] This secrecy has masked responsibility for serious abuses and danger on ICE Air flights.[2] ICE's air removal operations are a matter of widespread media and public interest.[3] President-elect Donald Trump's stated plan to arrest noncitizens on

---

[1] McKenzie Funk, *At Seattle's Boeing Field, Real-Time Video Offers a Rare Glimpse of America's Troubled Deportation Flights*, Pro Publica, March 8, 2024, https://www.propublica.org/article/seattle-boeing-field-ice-deportation-flights.

[2] *See, e.g.*, Complaint at 2, *Ibrahim v. Acosta*, No. 1:17-cv-24574-DPG (S.D. Fla. Dec. 19, 2017), ECF No. 3, https://www.documentcloud.org/documents/4391195-Somali-TRO-Complaint-December-19.html; Belal Hossain Biplob and Aviva Stahl, *South Asian Migrants Say They Were Put in 'Body Bags' for Deportation from US*, The Guardian (May 27, 2016), https://www.theguardian.com/us-news/2016/may/27/south-asian-migrants-body-bags-deportation-us; Angelika Albaladejo, *A Drunk Mechanic, Shackled Immigrants, a Crash Landing: The Dangers of ICE Flights*, Capital & Main (Nov. 4, 2021), https://capitalandmain.com/a-drunk-mechanic-shackled-immigrants-a-crash-landing-the-dangers-of-ice-flights.

[3] *See, e.g.*, *ICE Conducts Repatriation Flight from Laredo Airport*, KGNS News (Aug. 16, 2023), https://www.kgns.tv/2023/08/16/ice-conducts-repatriation-flight-

(cont'd)

a vast scale and operate around-the-clock deportation flights using ICE Air has rendered the public's interest in the matter all the greater.[4] The information sought in the request will shed critical light on ICE's removal processes and help to inform the public of the risks that would result if ICE Air's capacity is further built out.

3. Plaintiff American Civil Liberties Union Foundation of Southern California ("ACLU SoCal"), which is a non-profit, non-partisan civil liberties advocacy organization, submitted a FOIA request (the "Request") to the Defendant on August 15, 2024 seeking the release of records relating to the implementation of ICE's air removal operations. To date, Defendant has not released any responsive records, notwithstanding the FOIA's requirement that agencies respond to requests within, at most, 30 working days.

4. Plaintiff now asks the Court for injunctive and other appropriate relief requiring Defendant to conduct a thorough search for all responsive records and to immediately process and release any responsive records. Plaintiff also seeks an order enjoining Defendant from withholding non-exempt, responsive records. Finally, Plaintiff seeks an order that Defendant immediately and expeditiously process and release any responsive records.

5. In light of the outcome of the 2024 U.S. presidential election, the need

---

laredo-airport/ (Laredo, TX); Jerod MacDonald-Evoy, *'ICE Air' Flew More than 32K Immigrants Out of Mesa in Less Than 10 Months*, AZ Mirror (July 17, 2019), https://azmirror.com/2019/07/17/ice-air-flew-more-than-32k-immigrants-out-of-mesa-in-less-than-10-months/ (Mesa, AZ); Cat Ferguson, *ICE Used Oakland Airport to Deport and Transfer Tens of Thousands of Immigration Detainees,* Mercury News (July 21, 2019), https://www.mercurynews.com/2019/07/21/ice-used-oakland-airport-to-deport-and-transfer-tens-of-thousands-of-immigration-detainees/ (Oakland, CA).

[4] *See, e.g.*, Ronald Brownstein, *Trump's 'Knock on the Door'*, Atlantic (Feb. 8, 2024), https://www.theatlantic.com/politics/archive/2024/02/trumps-immigration-plan-is-even-more-aggressive-now/677385/; Charlie Savage, Maggie Haberman & Jonathan Swan, *Sweeping Raids, Giant Camps and Mass Deportations: Inside Trump's 2025 Immigration Plans*, N.Y. Times (Nov. 11, 2023), https://www.nytimes.com/2023/11/11/us/politics/trump-2025-immigration-agenda.html; Philip Bump, *The Incomprehensible, Unattainable Scale of Trump's Deportation Plan*, Wash. Post (May 15, 2024), https://www.washingtonpost.com/politics/2024/05/15/trump-immigration-deportation-plan/.

for the records requested is especially urgent. The concerns underlying this Request are not speculative: President-elect Trump has repeatedly stated his plans to implement mass deportation nationwide.[5] These plans raise serious concerns about operational feasibility, their impact, and the potential for continued—and increased—serious abuses and danger on ICE Air flights.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action under 28 U.S.C. § 1331 and 5 U.S.C. §§ 701–06.

7. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B). Plaintiff resides and has its principal place of business in this district.

## PARTIES

8. Plaintiff ACLU SoCal is a non-profit, non-partisan organization under the laws of California with over 120,000 members. As an affiliate of the national American Civil Liberties Union Foundation, ACLU SoCal is dedicated to the principles of liberty and equality embodied in the constitutions of the United States and California, as well as our nation's civil rights laws. ACLU SoCal is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and public is a critical and substantial component of the ACLU's work and one of its primary activities.

9. Defendant ICE is an agency of the U.S. government within the meaning

---

[5] *See, e.g.*, Colleen Long & Dan Merica, *What Trump has said he will do on Day 1*, PBS (Nov. 12, 2024), https://www.pbs.org/newshour/politics/what-trump-has-said-he-will-do-on-day-1; Charlie Savage, Maggie Haberman & Jonathan Swan, *Sweeping Raids, Giant Camps and Mass Deportations: Inside Trump's 2025 Immigration Plans*, N.Y. Times (Nov. 11, 2023)', https://www.nytimes.com/2023/11/11/us/politics/trump-2025-immigration-agenda.html.

of 5 U.S.C. § 551(1), 5 U.S.C. § 552(f), and 5 U.S.C. § 702. ICE has possession, custody, and control of records that ACLU SoCal seeks.

## FACTUAL BACKGROUND

10. On August 15, 2024, ACLU SoCal submitted the Request to ICE, seeking records related to the ICE Air Operations program from the period of January 1, 2023, through the present, including but not limited to contracts for operating removal flights and ground transportation to removal flights, and internal policies and procedures for staging, staffing, and handling flights, including ones with unaccompanied children. *See* **Exhibit A**, "FOIA Request to ICE." Specifically, the Request seeks the following records:

- (1) "All ICE contracts in effect during any portion of the designated time period, including any addenda, attachments, and incorporated DOCUMENTS, regarding air transportation to execute removals, including flights leaving the United States and domestic flights to transport noncitizens in between detention sites to stage for removals. This includes, but is not limited to, the following contracts:

    a) Award ID No. 70CDCR18FR0000002

    b) Award ID No. 70CDCR23FR0000035

    c) Award ID No. 70CDCR24FR0000024[.]"

    *See id.* at 3.

- (2) "All ICE contracts, including addenda, attachments, and incorporated DOCUMENTS, for ground transportation to transfer noncitizens to airports for removal flights." *See id.*

- (3) "DOCUMENTS sufficient to show the airfields ICE uses, or has access to, for removal flights." *See id.*

- (4) "Memoranda, guidance, or any other DOCUMENTS regarding ICE's policies or procedures for staging noncitizens, including unaccompanied noncitizen children, for removal prior to flights." *See id.*

- (5) "DOCUMENTS sufficient to show personnel required to be present on an aircraft to operate an ICE removal flight, including but not limited to, the flight crew, guards, and medical personnel." *See id.*

11. Plaintiff sought a waiver of any fees associated with responding to the Request, including any search, review, and reproduction fees, on the ground that

disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. § 5.11(k); 28 C.F.R. § 16.10(k).

12. Plaintiff also sought a waiver of any fees associated with responding to the Request, including any search and review fees, on the grounds that the ACLU qualifies as a "representative of the news media" and that the records are not sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also* 6 C.F.R. § 5.11(d)(1); 28 C.F.R. §§ 16.10(c)(1)(i), (d)(1).

13. In addition, Plaintiff sought expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E), 6 C.F.R. § 5.5(e), and 28 C.F.R. § 16.5(e), because there is a "compelling need" for these records. As an organization that routinely disseminates information to the public and advocates for government transparency and accountability, especially as to potential government abuses of civil rights and civil liberties, Plaintiff has an urgent need to obtain these records, so it can inform the public about the federal government's activities with respect to ICE's air removal operations and its treatment of noncitizens.

**Defendant's Responses to the Request**

14. ICE acknowledged receipt of the Request attached as **Exhibit A** on August 23, 2024, by email. *See* **Exhibit B** ("August 2024 ICE Response"). ICE invoked a statutory 10-business-day extension for its response under 5 U.S.C. § 552(a)(6)(B), pointing to "numerous documents that will necessitate a thorough and wide-ranging search." *See id.* at 1. ICE stated that while "[n]arrowing the scope [of the Request] may speed up the search process," it would "make every effort to comply with [the] [R]equest in a timely manner." *See id.* With the 10-day extension, ICE was required to respond to the request by September 27, 2024.

15. ICE's continued failure to produce any responsive records has far-reaching implications. ICE continues to withhold from the public key information

about the millions of taxpayer dollars that it funnels to private third parties to operate ICE Air with little public oversight or transparency. The government's deportation will be a subject of great public interest during the next presidential administration, as President-elect Trump has vowed to undertake a "mass deportation operation" immediately upon taking office. By withholding these records, ICE is also depriving the public of information about the unsafe conditions, physical abuse, and other gross human rights abuses (such as shackling and inadequate medical attention) faced by immigrants held on removal flights.

16. In the August 2024 ICE Response, ICE granted Plaintiff's fee waiver request. *See id.* at 2. But it denied Plaintiff's request for expedited processing. *Id.*

17. On September 17, 2024, ICE emailed Plaintiff, requesting clarification about the Request. *See* **Exhibit C** ("September 2024 ICE Response and Clarification"). Specifically, ICE asked whether the Request seeks "new contracts awarded during this time period listed or any contract in effect during that period?" *See id.* at 2. Plaintiff responded the next day to clarify that the Request encompasses "any contract in effect during that time period, *including* any new contracts awarded during that period if they were in effect during any of that time period." *See id.* at 1 (emphasis in original). ICE has not yet responded to that email.

18. To date, ICE has not released a single responsive record or explained any basis for withholding any record.

## **STATUTORY REQUIREMENTS**

19. "The Freedom of Information Act was enacted to facilitate public access to government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989)). Its basic purpose is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

20. With that purpose in mind, the FOIA statute requires federal agencies like Defendant to disclose records within 20 working days in response to FOIA requests. 5 U.S.C. § 552(a)(6)(A)(i). If there are "unusual circumstances," an agency may extend the time limit by no more than 10 working days. *Id.* § 552(a)(6)(B)(i). To invoke that extension, the agency must provide "written notice . . . setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.* An agency can extend its processing time beyond the additional 10 days only if it provides written notice and "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." *Id.* § 552(a)(6)(B)(ii).

21. FOIA also allows for requesters to ask for expedited processing of their request for records if they can demonstrate a compelling need. 5 U.S.C. §552(a)(6)(E)(i). The term "compelling need" applies to requesters who are primarily engaged in disseminating information and possess the urgency to inform the public concerning actual or alleged Federal government activity. 5 U.S.C. § 552(a)(6)(E)(v)(II).

22. More than 30 working days have passed since ICE received Plaintiff's Request, but no records have been produced to date.

23. The statutory time period has thus elapsed for ICE's response to the Request.

24. A district court has jurisdiction to enjoin an agency from withholding records and to order production of records that are subject to disclosure. 5 U.S.C. § 552(a)(4)(B).

## CLAIMS FOR RELIEF

### CLAIM I
### 5 U.S.C. § 552(a)(6)(A)
### Failure to Timely Respond to the Request

25. Plaintiff incorporates by reference the above paragraphs as if fully set

forth herein.

26. Plaintiff properly submitted the Request on August 15, 2024, requesting records within the possession, custody, and control of Defendant.

27. Defendant is obligated under 5 U.S.C. § 552(a)(3) to produce records responsive to Plaintiff's Request.

28. To date, Defendant has not provided a determination on the Request for disclosure of the requested records to Plaintiff.

29. No basis exists for Defendant's failure to provide a response to Plaintiff's Request.

30. Defendant's failure to provide a determination within the statutory period is a violation of 5 U.S.C. § 552(a)(6)(A) and its corresponding regulations. By failing to disclose and release the requested records, Defendant has violated Plaintiff's rights to Defendant's records under 5 U.S.C. § 552.

**CLAIM II**
**5 U.S.C. § 552(a)(3)(A)-(D)**
**Failure to Make a Reasonable Effort to Search for and**
**Promptly Release Records**

31. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

32. Defendant is an agency subject to and within the meaning of FOIA, and it must therefore make reasonable efforts to search for requested records.

33. Upon information and belief, Defendant has in its possession responsive documents, including those specifically identified in Plaintiff's Request, that it has failed to produce.

34. The failure of Defendant to make a reasonable effort to search for records responsive to the Request violates 5 U.S.C. § 552(a)(3) and Defendant's corresponding regulations.

## CLAIM III
## 5 U.S.C. § 552(a)(3)(A)–(D), (a)(8)(A), (b)
## Failure to Promptly Release Non-Exempt Records

35. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

36. Defendant is an agency subject to and within the meaning of FOIA, and it must therefore promptly release all non-exempt records.

37. Upon information and belief, Defendant has in its possession responsive, non-exempt documents, including those specifically identified in Plaintiff's Request, that it has failed to produce.

38. By withholding non-exempt agency records subject to the Request, Defendant has violated 5 U.S.C. § 552 and Defendant's corresponding regulations.

## CLAIM IV
## 5 U.S.C. § 552(a)(6)(E)
## Failure to Process Plaintiff's Request Expeditiously and as Soon as Practicable

39. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

40. Defendant is an agency subject to and within the meaning of FOIA, and it must therefore release all responsive, non-exempt records in an expedited timeframe when a basis exists to do so.

41. Plaintiff is primarily engaged in disseminating information to the public. Plaintiff has the ability and intention to widely disseminate the requested information through a variety of sources, including reports, newsletters, news briefings, right-to-know handbooks, and other materials, to the public at no cost. Indeed, obtaining information about government activity, analyzing that information, and widely publishing and disseminating that information to the press and public are critical and substantial components of the ACLU's work and are among its primary activities.

42. The requested records pertain to the federal government's deportation

network and the ways in which Defendant spends its significant deportation budget. This is a matter of widespread media and public interest, and the requested records will inform the public of pressing and urgent federal governmental activities, actual or alleged. The need for the requested records is particularly urgent in light of President-elect Trump's stated plans to implement mass deportation.

43. Defendant denied Plaintiff's request for expedited processing without adequate basis.

44. The failure of Defendant to process Plaintiff's Request expeditiously and as soon as practicable violates 5 U.S.C. § 552(a)(6)(E) and Defendant's corresponding regulations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Declare that Defendant's failure to respond and produce the requested records is unlawful;

b) Order Defendant to conduct a full, adequate, and expedited search for all responsive records;

c) Declare that the requested records are not exempt from disclosure under the Freedom of Information Act;

d) Enjoin Defendant from withholding non-exempt, responsive records;

e) Declare that Plaintiff is entitled to immediate and expeditious processing and release of any responsive records;

f) Order Defendant to immediately and expeditiously process and release any responsive records;

g) Award Plaintiff its costs and reasonable attorneys' fees incurred in this action; and

h) Grant such other relief as the Court deems just and proper.

Dated: November 18, 2024

**MAYER BROWN LLP**

By: */s/ Sophia M. Mancall-Bitel*
     Sophia M. Mancall-Bitel
*smancall-bitel@mayerbrown.com*

Sarah A. Hsu
*shsu@mayerbrown.com*

Charles L.J. Turner
*clturner@mayerbrown.com*
333 South Grand Avenue, Suite 4700
Los Angeles, CA 90071
Telephone: (213) 229-9500

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION NATIONAL PRISON PROJECT**
Eunice Cho *(pro hac vice* forthcoming)
*echo@aclul.org*
915 Fifteenth Street NW, 7th Floor
Washington, DC 20005
Tel.: (202) 548-6616

Kyle Virgien (SBN 278747)
*kvirgien@aclu.org*
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0770

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT**
My Khanh Ngo (SBN 317817)
*mngo@aclu.org*
425 California Street, 7th Floor
San Francisco, CA 94104
Tel.: (415) 343-0764

*Attorneys for Plaintiff*