# EXHIBIT B

| | |
|---|---|
| **From:** | ice-foia@ice.dhs.gov |
| **To:** | Eva Bitran |
| **Subject:** | ICE FOIA 2024-ICFO-51779 |
| **Date:** | Friday, August 23, 2024 7:20:41 AM |

08/23/2024

Eva Bitran
1313 W 8th St
Los Angeles, California 90017

RE:  ICE FOIA Case Number 2024-ICFO-51779

Dear Requester:

This acknowledges receipt of your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated 8/15/2024, your request for a waiver of all assessable FOIA fees, and your request for expedited treatment. Your request was received in this office on 8/15/2024. Specifically, you have requested records related to the ICE Air Operation ("ICE Air") program.

Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, ICE processes FOIA requests according to their order of receipt. Although ICE's goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10-day extension of this time period. As your request seeks numerous documents that will necessitate a thorough and wide-ranging search, ICE will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B). If you're able to narrow the scope of your request please contact our office. Narrowing the scope may speed up the search process. We will make every effort to comply with your request in a timely manner.

ICE evaluates fee waiver requests under the legal standard set forth above and the fee waiver policy guidance issued by the Department of Justice on April 2, 1987, as incorporated into the Department of Homeland Security's Freedom of Information Act regulations.  These regulations set forth six factors to examine in determining whether the applicable legal standard for fee waiver has been met.  I have considered the following factors in my evaluation of your request for a fee waiver:

   (1) Whether the subject of the requested records concerns "the operations or activities of the government";
   (2) Whether the disclosure is "likely to contribute" to an understanding of government operations or activities;
   (3) Whether disclosure of the requested information will contribute to the understanding of the public at large, as opposed to the individual understanding of the requestor or a narrow segment of interested persons;
   (4) Whether the contribution to public understanding of government operations or

**EXHIBIT B**
**PAGE 21**

activities will be "significant";

      (5) Whether the requester has a commercial interest that would be furthered by the requested disclosure; and

      (6) Whether the magnitude of any identified commercial interest to the requestor is sufficiently large in comparison with the public interest in disclosure, that disclosure is primarily in the commercial interest of the requestor.

Upon review of your request and a careful consideration of the factors listed above, I have determined to grant your request for a fee waiver.

Your request for expedited treatment is hereby denied.

Under the DHS FOIA regulations, expedited processing of a FOIA request is warranted if the request involves "circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," 6 C.F.R. § 5.5(e)(1)(i), or "an urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information," 6 C.F.R. § 5.5(e)(l)(ii).  Requesters seeking expedited processing must submit a statement explaining in detail the basis for the request, and that statement must be certified by the requester to be true and correct.  6 C.F.R. § 5.5(e)(3).

Your request for expedited processing is denied because you do not qualify for either category under 6 C.F.R. § 5.5(e)(1).   You have not established that lack of expedited treatment in this case will pose an imminent threat to the life or physical safety of an individual.  While you may be primarily engaged in the dissemination of information, you have not detailed with specificity why you feel there is an urgency to inform the public about ICE Air.  Qualifying urgency would need to exceed the public's right to know about government activity generally.  You also did not offer sufficient supporting evidence of an interest of the public greater than the public's general interest in ICE Air.  Your letter was conclusory in nature and did not present any facts to justify a grant of expedited processing under the applicable standards.

If you deem the decision to deny expedited treatment of your request an adverse determination, you have the right to appeal.  Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.5(e)(2). You may submit your appeal electronically at GILDFOIAAppeals@ice.dhs.gov or via regular mail to:

                U.S. Immigration and Customs Enforcement
                Office of the Principal Legal Advisor
                U.S. Department of Homeland Security
                500 12th Street,, S.W., Mail Stop 5900
                Washington, D.C. 20536-5900

Your envelope and letter should be marked "FOIA Appeal."  Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

**EXHIBIT B**
**PAGE 22**

ICE has queried the appropriate program offices within ICE for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the processors in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request.

If you have any questions please contact FOIA Public Liaison Daniel Edgington, at (866) 633-1182 or 500 12th St, SW Stop 5009 Washington, DC 20536-5009. Additionally, you have a right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  You may contact OGIS as follows:  Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448.

Your request has been assigned reference number 2024-ICFO-51779. Please use this number in future correspondence.


Sincerely,

ICE FOIA Office
Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009

**EXHIBIT B**
**PAGE 23**